IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TEHGRAIN JAMAL JONES,　　　　　)
　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Civil Action No. 3:12CV230–HEH
　　　　　　　　　　　　　　　　)
COMMONWEALTH OF VIRGINIA,　　　)
　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　)

**MEMORANDUM OPINION**
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Tehgrain Jamal Jones, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Norfolk ("Circuit Court"). Jones argues entitlement to relief based on the following claims:[1]

| | |
|---|---|
| Claim One: | "18.2–498.3 misrepresentation prohibited . . . prosecutor concealed witnesses statements. She presented a witness statement as evidence which she falsified." (§ 2254 Pet. 6.) |
| Claim Two: | The prosecutor "induc[ed] another to commit perjury and give false testimony." (*Id.* at 7.) |
| Claim Three: | A witness committed perjury. (*Id.* at 9.) |
| Claim Four: | "The prosecutor concealed witnesses statements in violation of 'Brady.'" (*Id.* at 11.) |

---

[1] The Court has corrected the capitalization in the quotations from Jones's submissions.

Respondent moves to dismiss the § 2254 Petition.[2] Jones has replied. For the reasons that follow, the action will be dismissed without prejudice so that Jones may exhaust his remedies in state court.

## I. PROCEDURAL HISTORY

Jones filed his § 2254 Petition with this Court on March 25, 2012, prior to his sentencing in the Circuit Court. (§ 2254 Pet. 15.) On April 19, 2012, the Circuit Court sentenced Jones to an active term of twenty-five years of incarceration for his convictions of robbery, carjacking, two counts of conspiracy, and two counts of use of a firearm in the commission of a felony. (*See* Br. Supp. Mot. Dismiss (ECF No. 32) 1.) On December 6, 2012, the Court of Appeals of Virginia denied his appeal. (*Id.*) On May 6, 2013, the Supreme Court of Virginia refused his petition for appeal.[3] Jones filed no state habeas petition following his conviction.

## II. EXHAUSTION OF STATE REMEDIES

### A. General Principles

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state

---

[2] Respondent failed to provide any state court records as Jones's direct appeal was pending when Respondent filed the Motion to Dismiss. Thus, the Court relies on the skeletal record as presented by the parties and based upon the state court case management records available on the internet.

[3] *See* http://www.courts.state.va.us/courts/scv (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; follow "ACMS-SCV" button; then follow "Appellant/Petitioner;" then select radial button for "Both" Status, type "Jones, Tehgrain," and then follow "Search" button; then follow "130038" hyperlink).

2

comity,'" and in the congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion requires the petitioner to make a two-part showing. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "The burden of proving that a claim has been exhausted in accordance with a 'state's chosen procedural scheme' lies with the petitioner." *Greene v.*

3

*Johnson*, No. 3:10cv53, 2012 WL 3555373, at *3 (E.D. Va. Aug. 16, 2012) (quoting *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994)). Jones fails to meet that burden.

### B. Jones's Lack of Exhaustion

Jones fails to satisfy the first aspect of exhaustion because he can still file a petition for a writ of habeas corpus challenging his convictions.[4] *See Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand." (internal quotation marks omitted) (citing *Gilstrap v. Godwin*, 517 F.2d 52, 53 (4th Cir. 1975))); *Cardoza v. Dir. Va. Dep't of Corr.*, No. 7:07cv00359, 2007 WL 2188137, at *1 (W.D. Va. July 27, 2007).

In response to the Motion to Dismiss, Jones contends that "his claims within the habeas corpus petition were brought before the Norfolk City Circuit Court by way of motion's [sic] and petition's [sic], the Virginia Court of Appeals and Supreme Court of Virginia. As well as the Virginia State Bar, and FBI." (Counter-Aff. (ECF No. 36) 1.) However, Jones filed the instant federal petition prior to the entry of final judgment for his criminal conviction in the Circuit Court. Jones also filed his response to the Motion to Dismiss before his direct criminal appeal had been resolved by the Virginia courts. To the extent Jones contends he already raised the claims in state court, and therefore

---

[4] Under Virginia law, "[a] habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years *from* the date of final judgment in the trial court or within one year *from* either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01–654(A)(2) (West 2013) (emphasis added). Jones fails to demonstrate that he pursued habeas relief with the Supreme Court of Virginia following his conviction in the Circuit Court.

exhausted the claims, Jones fails to demonstrate that he raised the claims in the appropriate manner for exhaustion purposes under Virginia law. *See Williams v. Smith*, 3:11CV709–HEH, 2012 WL 6725618, at *2 (E.D. Va. Dec. 27, 2012). Jones provides no information about when he purportedly raised his four claims or before which court. At this juncture, Jones simply has not demonstrated that his Virginia remedies have been completely blocked or rendered ineffective. Jones cannot utilize his disregard of Virginia's procedural rules as a basis for excusing him from complying with the exhaustion requirement. *See id.*

The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citations omitted). That is the case here. In his § 2254 Petition, Jones raises four claims for relief. The record fails to indicate that Jones has properly exhausted his state court remedies with respect to any of these claims. Accordingly, the Motion to Dismiss (ECF No. 30) will be granted to the extent that the action will be dismissed without prejudice.

### III.  PENDING MOTIONS

Jones also filed a Motion for Discovery (ECF No. 29) and a Motion to Vacate (ECF No. 35). By Memorandum Order entered May 17, 2012, the Court warned Jones that the Court would not consider any motion that failed to comply with the Local Rules of this Court. *See* E.D. Va. Loc. Civ. R. 7(F)(1) (stating that all motions must be accompanied by "a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which [Petitioner]

relies."). Jones's Motion for Discovery (ECF No. 29) fails to comply with Local Civil Rule 7(F)(1) and will be denied.

In his Motion to Vacate, Jones raises no claim, but instead requests that his conviction be overturned. As Jones identifies no procedural vehicle permitting the action he seeks at this juncture and because Jones has failed to exhaust his state court remedies, the Motion to Vacate (ECF No. 35) will be denied.

## IV. CONCLUSION

The Motion to Dismiss will be granted. Jones's § 2254 Petition will be dismissed without prejudice. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Jones is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 26 2013
Richmond, Virginia

6